TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00500-CR







Ex Parte: Gerald Glen Roberts, Appellant








FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 0960766, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING






 By application for writ of habeas corpus, appellant sought the dismissal of a prosecution
for possession of controlled substances on the ground that he had not been timely indicted. See Tex. Code
Crim. Proc. Ann. art. 32.01 (West 1989). The writ issued, a hearing was held, and relief was denied. 
Article 32.01 provides:



 When a defendant has been detained in custody or held to bail for his appearance
to answer any criminal accusation before the district court, the prosecution, unless
otherwise ordered by the court, for good cause shown, supported by affidavit, shall be
dismissed and the bail discharged, if indictment or information be not presented against
such defendant at the next term of the court which is held after his commitment or
admission to bail.



With an exception not applicable here, a discharge under this article is a bar to any further prosecution for
the offense discharged or for any other offense arising out of the same transaction. Tex. Code Crim. Proc.
Ann. art. 28.061 (West 1989).

 Appellant was arrested on April 11, 1996, for possession of a controlled substance, and
subsequently released on bail. The terms of the 207th Judicial District Court begin in Hays County on the
first Mondays of February, May, August, and November. Tex. Gov't Code Ann. § 24.123(c)(3) (West
1988). (1) The grand juries organized for the February term, during which appellant was arrested, and the
May term, the next to be held after the appellant's arrest, did not return an indictment against appellant. 
Appellant filed his writ application on August 5, 1996, and the hearing on the application was held on
August 14. On the day of the hearing, the State filed its sworn answer explaining that appellant had not
been indicted because:


 The Defendant was arrested on April 11, 1996 for the offense of possession of a
controlled substance to-wit: psilocin prior to any indictment being presented, it was
necessary for the suspected contraband to be submitted to the Texas Department of Public
Safety crime lab for substance identification and weighing. The submission was made on
June 21, 1996. The results of this analysis were prepared by the crime lab on August 8,
1996. The July Grand Jury last convened on July 4th 1996. At this point in time the
results of the drug analysis were not known or in the possession of the Criminal District
Attorney's office. The case is prepared for presentation to the August term of the Grand
Jury.



 At the hearing, the prosecutor testified that the last meeting of the February term of the
grand jury was on April 10, a day before the offense occurred. The May term grand jury met in May,
June, and July. As of the time of the hearing, the prosecutor had not received the result of D.P.S.'s
analysis. However, a call by the prosecutor to D.P.S. revealed that its results were "published" on August
8 showing that the substance was psilocin. On June 13, the prosecutor made inquiry of the Hays County
Sheriff's office and requested that it obtain a drug analysis as soon as possible. On July 25, the prosecutor
called the D.P.S. lab. At the end of the hearing, the trial court agreed that the order should show that there
was good cause shown for the delay.

 In his sole point of error, appellant contends the trial court erred in finding good cause for
the State's failure to not obtain an indictment within the time constraints of article 32.01. We find our
opinion in Ex parte Brian Mallares, No. 03-96-00529-CR (Tex. App.--Austin May 1, 1997), (2) is
dispositive of appellant's complaint. With the slightest variance in of key dates that are not material to the
issue before us, the instant cause is a mirror image of Mallares.

 Without a word-for-word repetition of Mallares, we find the instant cause to fall squarely
within its holding. The disparity of term lengths within Hays County with the district court in the present
cause having a relatively short term, the prosecutor not seeking an indictment until he obtained an analysis
of the contraband, and a lack of a showing that the State deliberately sought to delay the prosecution are
all factors that dictate that the trial court's ruling under the unique facts of the instant cause was within the
"zone of reasonable disagreement." See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (opinion on rehearing). Accordingly, we cannot hold that the trial court's ruling that good cause was
shown as contemplated by article 32.01 was an abuse of discretion. Appellant's point of error is overruled.

 The order denying habeas corpus relief is affirmed.



 

 Tom G. Davis, Justice

Before Justices Aboussie, Jones and Davis*

Affirmed

Filed: May 8, 1997

Do Not Publish



















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. Two other district courts have jurisdiction in Hays County. The 207th Judicial District Court's terms
coincide with those of the 22nd Judicial District Court. Tex. Gov't Code Ann. § 24.386(d)(1) (West
1988). The 247th Judicial District Court has six-month terms beginning the second Tuesdays in June and
December. Tex. Gov't Code Ann. § 24.451(b) (West 1988).
2. Mallares also held that article 32.01 does not violate the separation of powers clause of the Texas
Constitution.



st, did not return an indictment against appellant. 
Appellant filed his writ application on August 5, 1996, and the hearing on the application was held on
August 14. On the day of the hearing, the State filed its sworn answer explaining that appellant had not
been indicted because:


 The Defendant was arrested on April 11, 1996 for the offense of possession of a
controlled substance to-wit: psilocin prior to any indictment being presented, it was
necessary for the suspected contraband to be submitted to the Texas Department of Public
Safety crime lab for substance identification and weighing. The submission was made on
June 21, 1996. The results of this analysis were prepared by the crime lab on August 8,
1996. The July Grand Jury last convened on July 4th 1996. At this point in time the
results of the drug analysis were not known or in the possession of the Criminal District
Attorney's office. The case is prepared for presentation to the August term of the Grand
Jury.



 At the hearing, the prosecutor testified that the last meeting of the February term of the
grand jury was on April 10, a day before the offense occurred. The May term grand jury met in May,
June, and July. As of the time of the hearing, the prosecutor had not received the result of D.P.S.'s
analysis. However, a call by the prosecutor to D.P.S. revealed that its results were "published" on August
8 showing that the substance was psilocin. On June 13, the prosecutor made inquiry of the Hays County
Sheriff's office and requested that it obtain a drug analysis as soon as possible. On July 25, the prosecutor
called the D.P.S. lab. At the end of the hearing, the trial court agreed that the order should show that there
was good cause shown for the delay.

 In his sole point of error, appellant contends the trial court erred in finding good cause for
the State's failure to not obtain an indictment within the time constraints of article 32.01. We find our
opinion